**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ZORANA ALEKSIC and STEVEN SCHALLER, on behalf of themselves and the class members described herein, ) ) ) ) ) **Plaintiffs,** ) ) v. ) ) **EXPERIAN INFORMATION SOLUTIONS, INC. and CLARITY SERVICES, INC.,** ) ) ) ) **Defendants.** ) | No. 13 C 7802<br><br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiffs sue defendants for their alleged violations of the Fair Credit Reporting Act ("FCRA"). Defendants have filed Federal Rule of Civil Procedure ("Rule") 12(b)(6) motions to dismiss the second amended complaint. For the reasons set forth below, the Court grants Experian's motion and denies Clarity's motion.

## Facts

Experian is a credit reporting agency, and Clarity is a company that obtains consumer credit reports from Experian and others for third parties. (2d Am. Compl. ¶¶ 3, 6-7.) In October 2012, Clarity obtained Aleksic's credit report from Experian and gave it to Mambo Cash, Great Plains Lending, Red Rock Tribal Lending, LLC, Payday Max Ltd., and Cashweb USA, which are high interest Internet lenders, and Lead Express and CIAW T3 Leads Night, which are lead generators or brokers for such lenders. (*Id.* ¶¶ 8, 21-26.) Aleksic did not have a business relationship with any

of these lenders and did not authorize them to obtain, or defendants to provide them with, her credit report. (*Id.* ¶¶ 10-11.)

In January 2013, Clarity obtained Schaller's credit report from Experian and gave it to Red Rock Tribal Lending, LLC, Vivus Servicing, Ltd., Mambo Cash, Green Trust Cash, Star Group, LLC, RP Capital, LLC, and Blue Novis, Inc., which are high interest rate Internet lenders. (*Id.* ¶¶ 13, 21-22, 27-31.) Schaller did not have a business relationship with any of these lenders and did not authorize them to obtain, or defendants to provide them, with his credit report. (*Id.* ¶¶ 17-18.)

Sometime after Clarity provided plaintiffs' credit reports to the Internet lenders, plaintiffs received harassing collection calls and letters from unidentified payday lenders, though neither plaintiff had sought or obtained a payday loan. (*Id.* ¶¶ 9-10, 14-17.) Plaintiffs allege, on information and belief, that the payday lenders obtained their personal information "based on [defendants'] release of [their] credit report[s]" to the Internet lenders. (*Id.* ¶¶ 12, 20.)

## Discussion

The FCRA prohibits consumer credit reporting agencies like Experian from giving a consumer credit report to any person unless the agency has reason to believe that the person intends to use it to extend credit to the consumer or to review or collect the consumer's account. 15 U.S.C. § 1681b(a)(3)(A); *see* § 1681e(a) (prohibiting agencies from "furnish[ing] a consumer report to any person if [the agency] has reasonable grounds for believing that the . . . report will not be used for a [permitted] purpose listed in section 1681b"). Moreover, it requires agencies "[to] maintain reasonable procedures" to ensure that reports are disclosed only for permissible purposes, including requiring prospective users to identify themselves and certify that a report is sought only for

2

statutorily-permitted purposes, and to make "reasonable efforts" to verify prospective users' identities and certified uses before giving them a report. 15 U.S.C. § 1681e(a).

The FCRA requires a reseller of consumer reports, *i.e.*, Clarity, to tell a reporting agency from which it obtains reports, *i.e.*, Experian, who the end user of the report will be and the permissible purposes for which the report will be used. 15 U.S.C. § 1681e(e)(1)(A), (B). Resellers must also "establish . . . reasonable procedures designed to ensure that the report . . . is resold . . . only for a [permissible] purpose[,]" by: (1) requiring other resellers to whom they sell reports to identify the end users of the resold report, to certify the purposes for which the resold report will be used and to certify that it will be used for none other; (2) make "reasonable efforts to verify the identifications and certifications"; and (3) "establish reasonable procedures designed to ensure that the [resold] report" is used only for a permissible purpose. 15 U.S.C. § 1681e(e)(2)(A), (B). Plaintiffs allege that Clarity violated these provisions by agreeing to obtain information for the Internet lenders, though Clarity knew the lenders were not licensed to do business in Illinois and were being investigated in other jurisdictions for improper lending practices. (2d Am. Compl. ¶¶ 38-40.)

Clarity argues that these allegations are not materially different from those that the Court dismissed from plaintiffs' prior complaint. The Court disagrees. Plaintiffs previously alleged that Clarity should have investigated the lenders' legal status, even though it had no reason to suspect the lenders would use the credit information for an impermissible purpose. (*See* Mar. 31, 2014 Mem. Opinion & Order [Dkt. # 74] at 3-4.) However, plaintiffs now allege that Clarity *knew* the lenders were unlicensed and under investigation, which if true, required Clarity to take additional steps to determine whether the lenders would use the data for permissible purposes. *See*

3

Commentary on the Fair Credit Reporting Act, § 607(b)(2)(D), 55 Fed. Reg. 18,804-01 at 18,819-20 (May 4, 1990) (stating that a credit reporting agency must take additional steps, such as "auditing [a] user to verify that it is obtaining reports only for permissible purposes," if "doubt arises concerning [the] user's compliance with its . . . certification."); *see also Harris v. Database Mgmt & Mkt., Inc.*, 609 F. Supp. 2d 509, 515 (D. Md. 2009) (collecting cases and stating that "courts have found that a consumer reporting agency had reason to believe that consumer reports were being accessed for a permissible purpose when the subscriber had certified . . . limited usage, the primary purpose of the subscriber's business involved accessing reports for a permissible purpose, and the agency was unaware of any impermissible use by the subscriber") (quotation omitted); *Davis v. Asset Servs.*, 46 F. Supp. 2d 503, 508 (M.D. La. 1998) (granting summary judgment to reporting agency because "plaintiffs ha[d] not submitted any evidence to prove that the Credit Bureau knew or should have had reason to know that [the entity to which it provided consumer data] would access the report for an impermissible purpose."); *Hernandez v. Lamboy Furniture, Inc.*, No. 07-00240, 2008 WL 4061344, at *10 (E.D. Pa. Sept. 8, 2008) (granting summary judgment to reporting agency because "plaintiff . . . failed to produce any evidence that [the agency] knew or should have had reason to know that Lamboy Furniture was requesting plaintiff's credit report for an impermissible purpose.") (quotation omitted). Accordingly, the Court denies Clarity's motion to dismiss.

The situation is different, however, for Experian. Plaintiffs do not allege that Experian had any reason to believe that Clarity's certifications of its information requests were false or to suspect that the entities for whom Clarity obtained the information, *i.e.*, the Internet lenders, might use it for an impermissible purpose. Absent such allegations, plaintiffs have not stated a viable FCRA claim against Experian.

**Conclusion**

For the reasons set forth above, the Court grants Experian's motion to dismiss the second amended complaint [77] and denies Clarity's motion to dismiss the second amended complaint [80]. Plaintiffs have one final opportunity to state a viable FCRA claim against Experian, by filing an amended complaint within fourteen days of the date of this Order. If plaintiffs fail to do so, the Court will dismiss the claim against Experian with prejudice.

SO ORDERED.                    ENTERED:  June 18, 2014

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**