# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| ZORANA ALEKSIC and STEVEN SCHALLER, on behalf of themselves and the class members described herein, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 13 C 7802 |
| v. | ) ) | Judge Ronald A. Guzmán |
| CLARITY SERVICES, INC., | ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs allege that Clarity violated the Fair Debt Collection Practices Act by giving their credit reports to Internet lenders it knew were not licensed to make high-interest rate loans to Illinois residents without taking reasonable steps to determine whether the lenders would use the data for a permissible purpose. (*See* generally 2d Am. Compl.) Plaintiffs now ask the Court to certify a class of:

> (a) all individuals (b) with Illinois addresses (c) whose consumer credit reports (as defined by the Fair Credit Reporting Act) were provided to Mambo Cash, Great Plains Lending, Red Rock Tribal Lending, LLC (Castlepayday), CIAW T3 Leads Night (Cash in a Wink), CashwebUSA/Cowboy Productions, LeadExpress/Tribal Lending Enterprises/Gentle Breeze, Payday Max Ltd., Vivus Servicing, Ltd., Green Trust Cash, Star Group, LLC, RP Capital, LLC, and/or Blue Novis Inc. (e) on or after a date two years prior to the filing of this action.

(Pls.' Mem. Supp. Am. Mot. Class Cert. at 4.) This definition, however, is not tailored to plaintiffs' claim, as it does not limit the class to people whose reports Clarity gave out in connection with a high-interest rate loan, *i.e.*, one that exceeds 9% interest. (Compl. ¶¶ 32-35; *see* 815 Ill. Comp. Stat. 205/4 (excepting loans that comply with the Payday Loan Reform Act from the prohibition of lending at a rate exceeding 9%); 815 Ill. Comp. Stat. 122/3-3 (requiring payday lenders to be

licensed by the Department of Professional Regulation). Absent that limitation, the class definition is too broad.

Moreover, even if the definition were narrowed, the class would still not be eligible for certification. To be certified, a class must satisfy all of the criteria of Federal Rule of Civil Procedure ("Rule") 23(a), *i.e.*, numerosity, commonality, typicality, and adequacy, and one of the criteria of Rule 23(b), here, "that the questions of law or fact common to class members predominate over any [individual] questions . . . , and . . . a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." *See* Fed. R. Civ. P. 23(a)(1)-(4), (b)(3). Assuming, arguendo, that the Rule 23(a) factors are met, plaintiff cannot satisfy Rule 23(b)(3) because individual issues predominate, including whether: (1) Clarity gave out any class member's report "[i]n accordance with [his/her] written instructions," as the FCRA permits, *see* 15 U.S.C. § 1681b(a)(2); (2) any or all of the lenders is a tribal entity, and thus, immune from state regulation, *see Puyallup Tribe, Inc. v. Dep't of Game of State of Wash.* 433 U.S. 165, 172 (1977) ("Absent an effective waiver or consent, it is settled that a state court may not exercise jurisdiction over a recognized Indian tribe."); *see also Kiowa Tribe of Okla. Mfg. Tech., Inc.*, 523 U.S. 751, 756 (1998) (stating that "tribal immunity is a matter of federal law and is not subject to diminution by the States"); *Cook v. AVI Casino Enters., Inc.* 548 F.3d 718, 725 (9th Cir. 2008) ("[T]ribal corporations acting as an arm of the tribe enjoy the same sovereign immunity granted to a tribe itself.");[1] (3)

---

[1] Contrary to plaintiff's assertion, these principles survived *Michigan v. Bay Mills Indian Cmty.*,134 S. Ct. 2024 (2014) and *Jackson v. Payday Financial, LLC*, 764 F.3d 765 (7th Cir. 2014). *Bay Mills* held that individual Indian tribe members, but not "the Tribe itself," can be sued for violations of state law committed "beyond reservation boundaries." 134 S. Ct. at 2034-35. *Jackson* held that a tribal court did not have subject matter jurisdiction over state law claims asserted against a tribe member arising from conduct committed off reservation land. 764 F.3d at 772-82.

Clarity was aware of any lender's status as a tribal entity; and (4) the amount of damages, if any, suffered by each class member. Because these individual issues would dwarf any issues common to even the hypothetically-narrowed class, this is not an appropriate case for class certification.

## Conclusion

For the reasons, set forth above, the Court denies plaintiffs' amended motion for class certification [50]. Status hearing set for January 6, 2015 at 9:30 am.

**SO ORDERED.**                                            **ENTERED:   December 2, 2014**

_____
  **HON. RONALD A. GUZMAN**
  **United States District Judge**